IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR295 |
| vs. | FINDINGS AND RECOMMENDATION AND ORDER |
| JAMES FERMAN CHATMAN, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Sever Counts (Filing No. 33) and Motion to Dismiss Counts II, IV, V and VI (Filing No. 35). An evidentiary hearing on the motions was held on May 2, 2022.

A transcript has been filed and the motion is ripe for disposition. For the reasons explained below, the undersigned will recommend that the motions be denied.

**FACTS**

On December 14, 2021, Defendant was charged in a six-count indictment alleging Defendant was engaged in the sex trafficking of two individual victims, one of whom was a minor. (Filing No. 20.) Count I charges Defendant with knowingly recruiting, enticing, harboring, transporting, providing obtaining, advertising and maintaining Minor Victim 1, knowing or in reckless disregard of the fact that she was a minor or knowing or in reckless disregard of the fact that force, threats, fraud, or coercion would be used to cause her to engage in a commercial sex act in violation of 18 U.S.C. §§ 1591(a)(1); (b)(1); and (b)(2). Count II charges Defendant with knowingly benefitting financially from participation in a venture in which Minor Victim 1 was recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized,

and solicited to engage in a commercial sex act in violation of 18 U.S.C. §§ 1591(a)(2); (b)(1); and (b)(2). Count V charges Defendant with committing Count I while required to register as a sex offender in violation of 18 U.S.C. § 2260A. Count VI charges Defendant with committing Count II while required to register as a sex offender in violation of 18 U.S.C. § 2260A.

Count III charges Defendant with knowingly recruiting, enticing, harboring, transporting, providing obtaining, advertising, and maintaining Victim 2, knowing or in reckless disregard of the fact that she was a minor or knowing or in reckless disregard of the fact that force, threats, fraud, or coercion would be used to cause her to engage in a commercial sex act in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). Count IV charges Defendant with knowingly benefitting financially from participation in a venture in which Victim 2 was recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited to engage in a commercial sex act in violation of 18 U.S.C. §§ 1591(a)(2) and (b)(1).

The charges stem from an investigation involving a missing minor female ("Minor Victim 1") who had been posted on an internet site called Skip the Game, which advertised prostitution services. (TR. 9; Ex. 2.) Exhibit 2, which was admitted into evidence during the hearing, is the complaint and affidavit signed by Special Agent Amber Mann ("Agent Mann"). Agent Mann testified at the evidentiary hearing regarding the events underlying the Indictment. Agent Mann testified that Minor Victim 1, as identified in the Indictment, was involved in events that allegedly occurred between September 1, 2021 and September 25, 2021 in Omaha, Nebraska at the New Victorian motel and the Travel Inn, which are located at approximately 108th and L Street. (TR. 5-6.) On September 25, 2021, an undercover law enforcement investigator arranged to meet Minor Victim 1 for "a date."[1] (Ex. 2.) Upon arrival for the date, investigators made contact with Minor Victim 1 at the New Victorian Inn and Suites. (TR. 17; Ex. 2.) Once Minor Victim 1 was located, Agent Mann interviewed her. (TR. 15.)

During the interview with Agent Mann, Minor Victim 1 advised that Defendant forced her to conduct sex acts with men for money. (Ex. 2.) Minor Victim 1 also stated that she was not allowed to keep any of the money from the sex sales. (Ex. 2.) Minor Victim 1 indicated she was

---

[1] Exhibit 2 provides that "a date" is a term commonly used by buyers and sellers of sex when meeting for sex acts.

forced to have sex with Defendant against her will. (Ex. 2.) Minor Victim 1 further indicated that Defendant provided her with cocaine. (Ex. 2.)

Agent Mann testified that Minor Victim 1 indicated there were at least two other girls being trafficked by Defendant. (TR. 15.) Agent Mann testified that Minor Victim 1 reported that these other victims were staying at a different hotel across the street. (TR. 15; TR. 18.) Agent Mann also testified that as to Counts I and II, she does not have evidence that Defendant was involved in a business relationship with anyone besides himself and Minor Victim 1. (TR. 12.) However, on cross examination, Agent Mann testified that during the investigation involving Minor Victim 1, there was an adult female who came to the hotel who was later interviewed by law enforcement. (TR. 15.) The female stated she had given Defendant rides in her vehicle, including the Minor Victim 1 and another woman. (TR. 15.) The female indicated she was sent to the hotel by Defendant to collect his belongings. (TR. 15.)

Agent Mann testified that the events involving Victim 2 occurred between November 6 and November 21, 2021 at the La Quinta hotel located near 108th and Maple in Omaha. (TR. 6-7.) Agent Mann's investigation revealed that Victim 2's photographs were posted on a website called Skip the Games and offered prostitution services. (TR. 8-10.) At around that time, a third individual's photograph was also displayed on the website offering these services. (TR. 8-9.) Agent Mann was unable to identify the third individual or verify that the third individual was a real person. (TR. 8-9.) Agent Mann testified that there were hundreds of postings made from Defendant's Skip the Games account from IP addresses that tied back to Defendant's cellular device, but that Agent Mann could not determine if Defendant was making fake postings for people who did not exist. (TR. 11.) Agent Mann testified that she saw a conversation on Defendant's phone where he was talking with another person about posting her on the website. (TR. 11.)

On November 20, 2021, investigators received a tip that Defendant was staying at the La Quinta, located at 33330 North 104th Avenue, Omaha, Nebraska. (Ex. 2.) The tipster gave the name of an adult female, who was Victim 2, as the name the room was under. (Ex. 2.) On November 21, 2021, investigators made contact with Defendant at his room at the La Quinta. (Ex. 2.) Investigators also interviewed Victim 2 who indicated Defendant asked her to work for him and she had never been involved in prostitution previously. (Ex. 2.) Victim 2 told Agent Mann that Defendant made all of the postings and communicated with the individuals who would

3

message Victim 2 for a "date." (Ex. 2.) Victim 2 indicated Defendant had been nice at first but was becoming increasingly angry and violent. (Ex. 2.) The morning of his arrest, Defendant used a spare key to enter Victim 2's room and Victim 2 woke up with Defendant choking her with his hands wrapped around her neck yelling for her to "Get up, Bitch! It's time to work!". (Ex. 2.) Victim 2 told Agent Mann she was scared of Defendant. (Ex. 2.)

Agent Mann testified that she does not have evidence that Defendant was in business with someone other than Victim 2 during the period between November 6 and November 21, 2021 as alleged in Counts III and IV. (TR. 11.) On cross-examination, Agent Mann testified that during the investigation into Victim 2, there was another adult male who was located at a hotel, along with Defendant and Victim 2. (TR. 15.) Agent Mann testified that the adult male had a romantic relationship with Victim 2 and was aware of the prostitution. (TR. 15-16.) Agent Mann stated that the adult male was staying in the hotel that was essentially being funded through the trafficking. (TR. 15-16.)

In 2016, before the events underlying the Indictment in this case, Defendant was convicted of unlawful sexual activity with a 16 to 17-year-old minor in Florida and was required to register as a sex offender. (Exs. 1 and 2.) On July 30, 2021, Defendant notified the Florida Sex Offender Register that he was permanently leaving Florida to establish a residence in another state/country. Defendant listed a date of departure as August 2, 2021. Defendant provided his new residential address as 4702 North 31st Avenue, Omaha, Nebraska, 68111. Defendant listed an arrival date of August 3, 2021. (Ex. 2.) On August 18, 2021, the United States Marshal Service received information from the Nebraska State Patrol Sex Offender Registry's office stating Defendant had not registered as a sex offender in Nebraska. (Ex. 2.)

## DISCUSSION

1. **Motion to Dismiss**

    A. **Failure to State a Claim**

Defendant contends Counts II and IV charging violations of 18 U.S.C. § 1591(a)(2) should be dismissed because the evidence cannot establish that two or more people associated to form a sex trafficking "venture." Section 1591(a) provides:

4

> (a) Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by an means a person; or
>
> (2) benefits financially or by receiving anything of value, from participation in a *venture* which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591 (emphasis added). "Venture" is defined as "any group of two or more individuals *associated in fact*, whether or not a legal entity. 18 U.S.C. § 1591(e)(6) (emphasis added).

Defendant maintains the government's evidence cannot establish the elements of Counts II and IV because if the alleged victims were forced into commercial sex acts, they cannot also be the "associates in fact" necessary to fulfill the "venture" requirement for a violation of §1591(a)(2). Defendant contends that Victim 1, who is a minor, cannot be Defendant's "associate in fact" because minors cannot consent to being sexually exploited. Defendant further argues the victims cannot be "associates in fact" as required for a "venture" because being so considered would defeat the allegations that the victims were recruited, enticed, harbored, transported, advertised, or solicited for a commercial sex act. Defendant contends there needs to be a business partner (not counting victims) in the prostitution scheme before the "venture" element of §1591(a)(2) can be satisfied.

The government argues that it would be improper for the Court to dismiss Counts II and IV of the indictment because what Defendant is really asking the Court to do is make a probable cause determination and the grand jury has already done so. The government further argues that the issue of whether a "venture" existed is for the jury to decide and not the Court.

Having considered the matter, the undersigned will not recommend that Counts II and IV be dismissed. The language of these counts set out the elements of the offenses and Defendant does not challenge the sufficiency of the allegations on their face. The grand jury made a probable

5

cause determination for issuance of the Indictment and the question of whether the evidence supports the existence of a "venture" must be left to the jury. "A court cannot dismiss a facially valid indictment because it weighed the evidence supporting a probable cause finding and concluded the indictment is supported by incompetent or insufficient proof." *United States v. Zuniga*, No. 4:07CR3156, 2008 WL 2184118, at *4 (D. Neb. May 23, 2008). *See also Costello v. United States,* 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.)

Further, based on the evidence before the Court at this time, at least one individual assisted Defendant by giving him rides, as well as rides to Minor Victim 1 and another female. This individual also assisted Defendant by going to the hotel, when the police were there with Minor Victim 1, to retrieve Defendant's belongings at his request. In addition, other individuals such as sex buyers and other individuals having knowledge of the prostitution activities may have been involved. *See United States v. Jungers*, 702 F.3d 1066 (8th Cir. 2013) (holding that §1591(a)(1) applies to purchasers of commercial sex acts); *United States v. Cook*, 782 F.3d 983 (8th Cir. 2015) (holding that §1591(a)(2) applies to a purchaser of commercial sex who violates its terms). The jury could potentially find that these individuals' participation created a venture. Therefore, the undersigned will not recommend that Counts II and IV be dismissed for failure to state a claim.

### B.     Multiplicity

Defendant argues Counts V and VI of the Indictment are multiplicitous. "An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). Where "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *United States v. Grimes,* 702 F.3d 460, 467 (8th Cir. 2012) (quotation omitted). "[U]nless the two offenses each contain an element not found in the other, they are the same offense and double jeopardy bars additional punishment." *Id.*

Count V charges that Defendant, at a time when he was required to be registered as a sex offender, committed "a felony offense involving a minor under Title 18, United States Code,

6

Section 1591, *as charged in Count I of [the] Indictment*" in violation of 18 U.S.C. § 2260A. (Filing No. 20.) Count VI charges that Defendant, at a time when he was required to be registered as a sex offender, committed "a felony offense involving a minor under Title 18, United States Code, Section 1591, *as charged in Count II of [the] Indictment*," in violation of 18 U.S.C. § 2260A. (Filing No. 20.)  Count I alleges a violation of § 1591(a)(1), whereas Count II charges a violation of § 1591(a)(2).

The undersigned finds that Counts V and VI require proof of an element that the other does not and, therefore, are not multiplicitous. As explained by the Eleventh Circuit Court of Appeals in *United States v. Flanders*, 752 F.3d 1317, 1338 (11th Cir. 2014),

> Section 1591(a)(1) requires proof that the defendant was criminally responsible for the recruitment or enticement of a person with knowledge that the person will be fraudulently induced to engage in a commercial sex act.  Section 1592(a)(2) does not require proof of such conduct on the defendant's part, as only participation in a venture which has recruited or enticed a person for such purposes is required. Further, while § 1592(a)(2) requires proof that the defendant received a valuable benefit from his participation, § 1591(a)(1) requires no such proof.  Each subsection, therefore, requires proof of an element that the other does not, and the separate convictions for each do not result in a double jeopardy violation.

*Flanders*, 752 F.3d at 1338 (internal citations omitted). Defendant has been charged with committing two separate offenses resulting in separate violations of § 2260A.  Convictions on each of these offenses will not run afoul of the double jeopardy clause. Accordingly, the undersigned will recommend that Defendant's Motion to Dismiss be denied in its entirety.

  **2.**  <u>**Motion to Sever**</u>

Defendant argues that the counts pertaining to Minor Victim 1 (Counts I, II, V, and VI) should be severed from those pertaining to Victim 2 (Counts III and IV). Defendant maintains the offenses involving Minor Victim 1 and Victim 2 are entirely distinct because the allegations involve different people with different ages and the alleged events occurred two months apart at separate locations.  Defendant further asserts that the evidence offered to prove the counts related to each victim will be different because evidence regarding Defendant's status as a registered sex offender is only relevant to the counts involving Minor Victim 1. Defendant argues introduction of such evidence in a trial relating to counts pertaining to Victim 2 would be unduly prejudicial.

Pursuant to Federal Rule of Criminal Procedure 8(a), the government may charge multiple counts in a single indictment if "the offenses are of the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Rule 8 "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Under Rule 8, offenses are considered "of the same or similar character" if they "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (quotation omitted). The time factor is determined on a case-by-case basis and "there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). Evidence overlaps for purposes of Rule 8 when evidence surrounding one offense would be probative and admissible at the defendant's separate trial for the other offense. *Id.* at 630.

For purposes of Rule 8, the question of whether offenses are based on the same act or transaction or part of a common scheme or plan should be interpreted "flexibly," requiring that the offenses have a "logical relationship" to one another. *See United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005); *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976). Offenses can be deemed to be part of a common plan or scheme when they are related temporally and logically. *See United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006) (finding charges to be part of a common plan or scheme where they were connected temporally and logically).

The offenses set out in the Indictment are of the same type, of similar character, are temporally and logically related, and have overlapping evidence. Defendant has been charged in a six-count indictment alleging he was engaged in the sex trafficking of two individual victims. The events underlying the offenses all stem from law enforcement's efforts to locate Minor Victim 1. During its search for Defendant based on the offense he allegedly committed against Minor Victim 1, law enforcement discovered Victim 2. Each of these victims were advertised for prostitution services by Defendant online, and the events relating to the victims occurred within a two-month period. *See Lindsey*, 782 F.2d at 118 (finding seventeen month period of time between counts to be a sufficiently short period of time and that evidence overlapped when the offense

8

charged in one count was developed in the course of federal agents' investigation of the transaction underlying the other count). Further, as to evidence, if the Court were to sever the counts, evidence of each offense would likely be admitted in the other trial, particularly if Defendant's defense is that the victims voluntarily participated in the acts underlying the Indictment.[2] Because the events involving each of the victims are of the same or similar character, have a logical relationship with overlapping evidence, the undersigned finds the counts are properly joined.

Defendant contends that even if the counts are properly joined, they should still be severed to avoid undue prejudice. Once it is determined that offenses are properly joined under Rule 8, Rule 14 of the Federal Rules of Criminal Procedure specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. However, "[o]nly in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009). "[S]eparate trials are required only where prejudice caused by a joint trial is severe or compelling." *United States v. Kirk*, 528 F.3d 1102, 107-08 (8th Cir. 2008). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial." *Taken Alive*, 513 F.3d 899, 902 (quotation omitted). "No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010). "[T]here is a strong presumption against severing properly joined counts." *Id*. The defendant bears the burden of establishing prejudice. *See United States v. Humphreys*, 982 F.2d 254, 259 (8th Cir. 1992).

Defendant argues trying the counts pertaining to each victim together would be unduly prejudicial because allegations of sexual acts with a minor are extremely emotional and inflammatory. Defendant contends this prejudice would even be greater when included with evidence that he is required to register as a sex offender due to the Florida conviction. Defendant argues that if he were tried separately on the counts involving Victim 2, there would be no need for evidence that he was required to register as a sex offender because such evidence would be irrelevant to the counts involving Victim 2.

---

[2] At this time, it is unknown what Defendant's defense is and he declined to disclose it to the Court at the evidentiary hearing.

The government acknowledges that the charge of committing an offense against a minor while required to register as a sex offender carries with it prejudice. However, the government maintains it is not necessary to have two separate sex trafficking trials. Rather, according to the government, prejudice can be cured through a stipulation that Defendant was required to register as a sex offender, a limiting instruction, or bifurcation of the counts that involve Defendant being required to register as a sex offender.  The government further argues that mitigation as to the requirement to register as a sex offender will not be necessary anyway because evidence related to the prior sexual assault conviction is admissible for all counts under Federal Rule of Evidence 404(b) and 413 to show motivation, intent, preparation, plan, and/or knowledge.  The government contends that if evidence related to the prior conviction is relevant, the fact that Defendant must register as a sex offender as a result has little prejudicial impact.

The undersigned agrees that evidence relating to sexual acts with a minor could potentially cause some prejudice due to the nature of such charges.  There could potentially be additional prejudice if there is evidence that Defendant is already required to register as a sex offender. However, if evidence stemming from the earlier conviction is admissible, there would be no prejudice by trying the counts together.  Further, if evidence from Minor Victim 1's case is admissible in Victim 2's case, there would be no prejudice in trying the counts together.  The problem, however, is that at this point, any such prejudice is speculative.  Defendant has not stated what his defenses to the charges will be which could impact whether this evidence would be admissible.

However, based on what the Court knows at this time, and for the reasons stated above, it appears that if the Court were to sever the counts, evidence of each offense would be admitted in the trial of the other. In addition, it appears that Defendant's prior conviction from Florida would be admitted in both trials if severance were ordered.  Therefore, the Court finds that severance is inappropriate at this time.  If the Court were to later find that Defendant's prior sexual assault conviction against a minor should not be admitted in the trial, and the facts underlying what happened to Minor Victim 1 would not be admitted in a separate trial with just Victim 2, then bifurcation, due to prejudice, could be re-considered.

Further, prejudice stemming from evidence that Defendant is required to register as a sex offender does not automatically necessitate severance.[3] Any prejudice caused by this evidence could be cured through other means, such as through bifurcation of Counts V and VI which allege violations of § 2260A. For instance, in the event the government secures convictions on other counts, the jury could then be permitted to hear evidence regarding Defendant's requirement to register as a sex offender. This bifurcation approach has been employed by other courts. *See [United States v. Never Misses A Shot](), No. 13-30013-RAL, 2013 WL 3872837, at \*3 (D.S.D. July 25, 2013)* (bifurcating count charging violation of § 2260A to avoid "any possibility that the jury might infer [the defendant was] guilty" of other counts because of his alleged status as a registered sex offender); *[United States v. Helms](), No. 3:18-CR-137-CRS, 2019 WL 4143298, at \*2 (W.D. Ky. Aug. 30, 2019)* (denying severance of § 2260A count, finding that bifurcation was a more appropriate method to limit potential prejudice). The undersigned finds bifurcation within the trial would sufficiently alleviate any prejudice that could arise regarding Defendant having to register as a sex offender. Therefore, Defendant's Motion to Sever Counts will be denied.[4]

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Robert Rossiter, Jr. that Defendant's Motion to Dismiss Counts II, IV, V and VI ([Filing No. 35]()) be denied.

**IT IS HEREBY ORDERD** that Defendant's Motion to Sever Counts ([Filing No. 33]()) is denied.

Dated this 6th day of June, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[3] If Defendant's prior sexual assault conviction is admitted under Federal Rule of Evidence 404(b) and 413, then the only potential prejudice to Defendant is the fact that he is required to register as a sex offender.
[4] Again, if the Court were to later find that Defendant's prior sexual assault conviction against a minor should not be admitted in the trial, and the facts underlying what happened to Minor Victim 1 would not be admitted in a separate trial with just Victim 2, then bifurcation, due to prejudice, could be re-considered.

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.