IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:21CR295** |
| v. | |
| JAMES FERMAN CHATMAN, | **ORDER** |
| Defendant. | |

This matter is before the Court on defendant James Ferman Chatman's ("Chatman") Motion to Sever (Filing No. 33) and Motion to Dismiss (Filing No 35). The Court referred Chatman's motions to a magistrate judge,[1] who held an evidentiary hearing on May 2, 2022. *See* 28 U.S.C. § 636(b)(1). That section authorizes this Court to "designate a magistrate judge to hear and determine" Chatman's motion to sever and to "submit proposed findings of fact and recommendations for the disposition" on his motion to dismiss. The magistrate judge issued a thorough Order and Findings and Recommendation on June 6, 2022 (Filing No. 49), denying Chatman's motion to sever and recommending the Court deny Chatman's motion to dismiss Counts II, IV, V, and VI. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). On June 21, 2022, Chatman filed his objections (Filing No. 50).

Under § 636(b)(1)(A), the Court will reconsider the magistrate judge's severance decision if Chatman shows it "is clearly erroneous or contrary to law." *See* Fed. R. Crim. P. 59(a) (explaining matters that do "not dispose of a charge or defense" are nondispositive). Section 636(b)(1)(C) requires de novo review of Chatman's specific objections regarding his motions to dismiss. *See also* Fed. R. Crim. P. 59(b)(3). The Court

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

can then "accept, reject, or modify, in whole or in part," the magistrate judge's findings and recommendation and can take additional evidence if necessary.   28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Crim. P. 59(b)(3).

Chatman objects to the magistrate judge's decision that the charges relating to Minor Victim 1 and those relating to Victim 2 are properly joined and can be tried together without undue prejudice.  The magistrate judge thoroughly explained that, "based on what the Court knows at this time," evidence of each offense would likely be admitted in the other's trial, and its probable that the evidence of Chatman's prior conviction would also be admitted.  *See United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010) ("No prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other.").  The magistrate judge left open the possibility of reconsidering bifurcation at a later time.

Chatman argues such assumptions about the admissibility of that evidence are incorrect and that waiting for such a ruling "will only compromise Chatman's ability to prepare for trial."   The Court has carefully reviewed Chatman's objections and the magistrate judge's analysis and finds his objections should be denied.  This is not such "an unusual case" in which "the prejudice resulting from a joint trial [will] be substantial enough to outweigh the 'general efficiency of joinder.'"  *United States v. Kirk*, 528 F.3d 1102, 1107 (8th Cir. 2008) (quoting *United States v. Taken Alive*, 513 F.3d 899, 903 (8th Cir. 2008)).

Chatman also objects to the magistrate judge's recommendation on his motion to dismiss, arguing Counts II and IV should be dismissed because the government did not adduce evidence of a provable "venture" under 18 U.S.C. § 1591(a)(2).  The Court also finds that objection is without merit and agrees Chatman's motions should be denied for the reasons stated by the magistrate judge.

IT IS ORDERED:

2

1.    Defendant James Ferman Chatman's objections (Filing No. 50) are overruled.

2.    The magistrate judge's order (Filing No. 49) denying Chatman's Motion to Sever (Filing No. 33) is affirmed, and the findings and recommendation denying Chatman's Motion to Dismiss Counts II, IV, V, and VI (Filing No. 35) are accepted.

3.    Chatman's Motion to Sever (Filing No. 33) and Motion to Dismiss Counts II, IV, V, and VI (Filing No. 35) are denied.

Dated this 18th day of July 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge